UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAT'L UNION FIRE INS. CO. OF PITTSBURGH PA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WINN,<br><br>Defendant. | No. 2:21-cv-1140-WBS-KJN<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 11.) |

Presently pending before the Court is plaintiff' National Union Fire Insurance Company of Pittsburgh, PA's motion for default judgment against defendant Robert Winn.[1] To date, defendant has not opposed plaintiff's motion or otherwise made an appearance in this action.

The undersigned recommends plaintiff's motion for default judgment be GRANTED IN FULL, and that plaintiff be awarded final judgment in the amount of $274,706.42.

I.  **BACKGROUND**[2]

Activision Blizzard, Inc. ("Activision") employed defendant as the Director of Payroll until March 15, 2018. (ECF No. 1 at 2.) From February 2016 to February 2018, defendant misappropriated $305,355.54 from Activision. (Id.) Plaintiff insured Activision for losses

---

[1] This motion is referred to the undersigned by Local Rule 302(c)(19) for the entry of findings and recommendations. See 28 U.S.C. § 636(b)(1)(B).

[2] All facts derive from plaintiff's complaint unless otherwise noted. (See ECF No. 1.)

1

sustained due to employee dishonesty, and therefore indemnified Activision for losses sustained because of defendant's misappropriation. (Id.) As a result of indemnifying Activision, plaintiff became subrogated to Activision and Activision assigned plaintiff "all rights, claims[,] and causes of action" it has against defendant. (Id.)

Following plaintiff's demands for repayment, the parties negotiated a settlement agreement ("Agreement") whereby defendant agreed to pay plaintiff $267,355.54 on a payment schedule. (Id. at 3.) In turn, plaintiff agreed "to forbear from any and all collection efforts" from defendant. (Id.) Defendant failed to make any payments due under the Agreement, and therefore came into default. (Id. at 4.) Pursuant to the Agreement, plaintiff's counsel provided emailed notice of the default to defendant on May 10, 2021, and demanded defendant cure his default by paying plaintiff within ten days. (Id.) Defendant did not respond. Plaintiff contends that as of this lawsuit, defendant owes $274,706.42 (the principal sum of the Agreement) plus accruing interest and costs (as provided for in the Agreement). (ECF No. 11 at 8.)

On June 28, 2021, plaintiff brought this diversity action against defendant for breach of contract. (See ECF No. 1.) Plaintiff alleges that it complied with its obligations under the Agreement, and has been damaged as a result of defendant's failure to make any payments in accordance with the Agreement's payment schedule. (Id. at 4-5.) Plaintiff's complaint and summons were personally served on defendant on July 21, 2021, at defendant's address. (See ECF No. 6.) Defendant failed to answer or otherwise respond, and the Clerk of the Court entered default. (See ECF Nos. 7, 8, 9.)

On December 21, 2021, plaintiff moved for a default judgment and served defendant by mail. (ECF No. 11, 15.) Defendant failed to respond to plaintiff's motion. The court vacated the February 1, 2021 hearing and, out of an abundance of caution, provided defendants one final opportunity to oppose. (ECF No. 17.) Plaintiff served a copy of this order on defendant by mail on January 24, 2022. (ECF No. 18.) Despite this fact, defendant still has not opposed plaintiff's motion or otherwise appeared in this action. (See ECF Nos. 17, 18.) Plaintiff seeks judgment in the amount of $274,706.42 be entered against defendant. (ECF No. 11 at 8.)

///

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

1. the possibility of prejudice to the plaintiff,
2. the merits of plaintiff's substantive claim and the sufficiency of the complaint;
3. the sum of money at stake in the action;
4. the possibility of a dispute concerning material facts;
5. whether the default was due to excusable neglect, and
6. the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); see e.g., Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, but it does not establish the amount of damages. Geddes, 559 F.2d at 560.

### III. DISCUSSION

**A. Appropriateness of the Entry of Default Judgment Under the <u>Eitel</u> Factors**

The undersigned finds that the weight of the <u>Eitel</u> factors entitles plaintiff to a default judgment against defendant and recommends default judgment be entered with respect to liability.

  1. <u>Plaintiff is prejudiced by defendants' non-responsiveness.</u>

The first <u>Eitel</u> factor considers whether plaintiff would suffer prejudice if default judgment were not entered, as prejudice to a plaintiff weighs in favor of a default judgment. <u>See PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177.  Here, because plaintiff has unsuccessfully attempted to recover on defendant's default of the Agreement and defendant has been silent in this matter, plaintiff would be left without any other recourse against defendant should default not be entered. Accordingly, the first <u>Eitel</u> factors favors the entry of default judgment.

  2. <u>Plaintiff's breach of contract claim is meritorious and sufficiently pleaded.</u>

The second and third factors (the merits of the substantive claims and the sufficiency of the complaint) are considered in tandem, due to the relatedness of the two inquiries.  The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  <u>See Danning</u>, 572 F.2d at 1388; <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1175.

Here, plaintiff seeks recovery for breach of contract. (ECF No. 1 at 4-5.)  Pursuant to the Agreement, California law governs plaintiff's breach of contract claims. (ECF No. 1-1 at 8.) Under California law, the elements of a breach of contract claim are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom."  <u>See Wall St. Network, Ltd. V. New York Times Co.</u>, 164 Cal.App.4th 1171 (2008).

In the complaint, plaintiff alleges on February 8, 2021, the parties entered into the Agreement (a signed copy is appended to the complaint), which sets forth the parties' obligations. (ECF No. 1 at 4-5.)  Under the Agreement, defendant agreed to pay plaintiff $267,355.54 in accordance with the agreed upon payment schedule and plaintiff agreed to withhold collection efforts from defendant so long as defendant pays according to the payment schedule. (<u>Id.</u> at 3.) Defendant failed to make any payments to plaintiff. (<u>Id.</u> at 4.)  Pursuant to the Agreement,

plaintiff's counsel informed defendant of the default through emailed notice (a copy of the notice is appended the complaint). (Id.) Moreover, plaintiff fully performed its obligation to forbear from all collection efforts against defendant so long as defendant paid according to the payment schedule. (Id.) Defendant never attempted to cure the default. (Id.) This constitutes a breach of the Agreement. (Id. at 5.) As a result, plaintiff has suffered monetary damages in the amount set forth in the Agreement. (Id.) Plaintiff also seeks interest and costs, as provided for in the Agreement upon defendant's default of payment. (Id. at 6.)

Taking these well-pled allegations as true, the undersigned finds plaintiff has adequately pleaded a breach of contract claim. See Fair Housing of Marin, 285 F.3d at 906.

    3.   The amount of damages is proportional to plaintiff's harm.

Next, the court considers "the amount of money at stake in relation to the seriousness of [d]efendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003).

While the $274,706.42 in damages sought by plaintiff in its motion for default judgment is a substantial sum of money, it is the same as the amount of loss and costs incurred by plaintiff. In addition to plaintiff's request for the principal amount of $267,355.54 owed under the Agreement, plaintiff seeks $6,678.88 in accrued pre-judgment interest, and $672 in costs, all of which are provided for under the Agreement. (See ECF No. 11 at 8.) Therefore, the requested award for damages is reasonable and proportional given the well-pled allegations. See, e.g., Coach Servs. v. YNM, Inc., 2011 U.S. Dist. LEXIS 52482, at *8-9 (C.D. Cal. May 6, 2011) ("The amount of money sought by plaintiff is consistent with the allegations in the [c]omplaint and the claim asserted."); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Shores, 2020 WL 2937801, at *7 (E.D. Cal. June 3, 2020) (finding the amount of money embezzled by defendant proportional to the losses incurred, and thus weighs in favor of default judgment). Accordingly, this factor weighs in favor of entry of default judgment.

    4.   The material facts are not in dispute.

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations and documentation supporting its claims. Specifically, plaintiff has

provided a sign copy of the Agreement, as well as copies of the emailed notice of default and the assignment and release agreement from Activision, further attesting to plaintiff's claims set forth in its complaint. (See ECF Nos. 1, 11.) The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, and thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. The undersigned finds this factor favors the entry of a default judgment.

   5. The court sees no excusable neglect.

Upon review of the record before the Court, the undersigned finds the default was not the result of excusable neglect. Pepsi Co, Inc., 238 F. Supp. 2d at 1177. Defendant has had ample notice in this lawsuit. Before bringing this suit, plaintiff's counsel emailed defendant a notice of default per the Agreement. (ECF No. 1 at 4.) Plaintiff then served its complaint upon defendants personally at defendant's address of record. (See ECF No 6.) Plaintiff also served defendant, by mail, its motion for default judgment and the court's order providing an additional opportunity to respond to the default. (ECF Nos. 15, 18). Defendant has not filed anything in response or otherwise made an appearance in this case. Accordingly, there is no indication defendants' default resulted from excusable neglect; this factor favors the entry of a default judgment.

   6. The policy favoring disposition on the merits is outweighed by other factors.

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also e.g., Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

Here, although the undersigned is cognizant of the policy in favor of decisions on the merits—that policy is unavailable here because defendant has not responded. This factor does not weigh against entry of default judgment.

**B. Terms of the Judgment to be Entered**

Pursuant to the above analysis, the Eitel factors weigh in favor of entering default on liability against defendant. Further, the principal amount of damages corresponds to the Agreement, and so $267,355.54 is the appropriate amount of compensatory damages. Shores, 2020 WL 2937801, at *7.

Pre-judgment interest is a substantive part of a plaintiff's claim, and state law generally governs the award of pre-judgment interest in diversity actions. Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co., 513 F.3d 949, 961 (9th Cir. 2008); see also Phillips 66 Co. v. Petros Rai Stations, LLC, 2016 U.S. Dist. LEXIS 56325, at *21-23 (E.D. Cal. April 26, 2016) ("When a contract includes a valid choice of law provision, the court applies the law of the chosen state to find the appropriate prejudgment interest."). Here, the Agreement provides that California law governs this dispute, and that "interest at the rate of six percent shall accrue from the date of the Event of Default." (ECF No. 1 at 3-4; 8.) California law provides interest accrues at the rate of 10% per annum on the principal amount of the remaining unsatisfied money judgment. Cal. Civ. Proc. Code § 685.010(a) (2022); Cal. Civ. Code § 3287(b) (allowing for prejudgment interest in a breach of contract claim "where the claim was unliquidated...as the court may, in its discretion, fix...."); Cal. Civ. Code § 3289(b) (stating that if the contract does not stipulate a legal rate of interest, then the interest rate is "10 percent per annum after a breach."). Thus, the court finds plaintiff properly determined the applicable pre-judgment interest rate to be 6% per year ($43.94 per day), to run from May 1, 2021, through the date of the judgment. (See ECF No. 11.)

Costs are allowed to the prevailing party as a matter of course "[u]nless a federal statute, these rules, or a court order provides otherwise." See Fed. R. Civ. P. 54(d)(1); see also Cal. Civ. Proc. Code § 1033.5(a) (allowing for various costs, including "filing, motion, and jury fees" and "service of process"). Plaintiff seeks to recover litigation costs of $672 ($402 in filing fees and $270 in costs related to service of process). (See ECF Nos. 1, 6, 11, 12.) Because the prevailing party can recover both filing fees and service of process costs under California law, plaintiff appropriately requested $672 for recoverable litigation costs. Cal. Civ. Proc. Code § 1033.5(a). The undersigned finds the requested amount of $672 for litigation costs appropriate.

**RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's Motion for Default Judgment (ECF No. 11) be GRANTED;
2. Plaintiff be awarded final judgment in the amount of $267,355.54 in compensatory damages, $672 in costs, and prejudgment interest of $43.94/day from May 1, 2021, through the date of judgment; and
3. The clerk of the court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 15, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

winn.1140